FILED

2019 MAR 28  AM 11: 52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>LIN LI,<br>  aka "Aaron Li," and<br>JIMMY YU,<br><br>        Defendants. | ED CR No. 19-<br><br>    EDCR19-103-GW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy; 21 U.S.C. § 841(a)(1),<br>(b)(1)(A)(vii), (b)(1)(B)(vii): Possession with Intent to Distribute Marijuana; 21 U.S.C. § 856(a)(1): Maintaining a Drug-Involved Premises; 18 U.S.C. § 2(a): Aiding and Abetting; 21 U.S.C. § 853: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about March 12, 2019, in San Bernardino County, within the Central District of California, and elsewhere, defendants LIN LI, also known as "Aaron Li" ("LI"), and JIMMY YU ("YU"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit the following offenses:

1.    To manufacture, to distribute, and to possess with intent to distribute at least 1,000 marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vii); and

2.    To maintain a drug-involved premises, in violation of Title 21, United States Code, Sections 856(a)(1).

B.   <u>MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED</u>

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.    Unindicted co-conspirators would send money from China to bank accounts controlled by defendant LI.

2.    Defendant LI would buy residential properties in San Bernardino County to house commercial marijuana grows, despite the fact that the properties were located in cities that expressly prohibited commercial marijuana activity.

3.    Defendant LI would control and manage the properties used to house marijuana grows.

4.    Defendant LI would disguise the properties' illegal purpose and his control and management of the properties by using straw buyers, shell companies, straw tenants, straw utility subscribers, falsified leases, and large infusions of money from overseas.

5.    Defendant LI and unindicted co-conspirators would arrange to alter the properties into marijuana grows by various means, including by installing electrical bypasses.

6.    Defendant YU and unindicted co-conspirators, including Unindicted Co-Conspirator 1, would work as caretakers at the

2

properties housing the marijuana grows, overseeing the planting, growing, processing, and packaging of the marijuana.

7.   Defendants LI and YU, and unindicted co-conspirators, including Unindicted Co-Conspirator 1, would maintain these marijuana grows for the purpose of manufacturing marijuana that would then be distributed.

8.   Defendant YU and unindicted co-conspirators, including Unindicted Co-Conspirator 1, would sell the marijuana.

9.   Defendant YU and unindicted co-conspirators, including Unindicted Co-Conspirator 1, would deliver proceeds of the marijuana sales to defendant LI.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants LI and YU, and others known and unknown to the Grand Jury, committed various overt acts in San Bernardino County, within the Central District of California, and elsewhere, including, but not limited to, the following:

1.   On or about May 15, 2013, defendant LI arranged to purchase a home at 14665 Marquette Avenue in Chino Hills, California, using a straw purchaser and money sent from unindicted co-conspirators in China.

2.   On or about June 4, 2013, defendant LI arranged to purchase a home on Appalachian Street in Chino, California, using a straw purchaser and money sent from unindicted co-conspirators in China.

3.   On or about July 26, 2013, defendant LI arranged to purchase a home at 5051 Glenview Street in Chino Hills, California,

1   using a straw purchaser and money sent from unindicted co-
2   conspirators in China.

3        4.   On or about April 4, 2014, defendant LI arranged to
4   purchase a home at 2825 East Via Terrano in Ontario, California,
5   using a straw purchaser and money sent from unindicted co-
6   conspirators in China.

7        5.   On or about October 29, 2015, defendant LI arranged to
8   purchase a home at 17004 Amadora Drive in Chino Hills, California,
9   using a straw purchaser and money sent from unindicted co-
10   conspirators in China.

11        6.   On or about November 19, 2015, defendant LI arranged to
12   purchase a home at 17004 Viana Drive in Chino Hills, California,
13   using a straw purchaser and money sent from unindicted co-
14   conspirators in China.

15        7.   On or about September 30, 2016, defendant LI arranged to
16   purchase a home at 6081 Eucalyptus Avenue in Chino, California, using
17   a straw purchaser.

18        8.   On or about October 1, 2016, defendant LI created and
19   signed a false lease, naming a straw tenant, for a marijuana grow at
20   6081 Eucalyptus Avenue in Chino, California.

21        9.   On or about September 7, 2017, defendant LI arranged to
22   purchase a home at 14176 Scripps Avenue in Chino, California, using a
23   straw purchaser and money sent from unindicted co-conspirators in
24   China.

25       10.   On or about September 26, 2017, defendant LI created and
26   signed a false lease, naming a straw tenant and containing a clause
27   purporting to prohibit marijuana cultivation, for a marijuana grow at
28   17004 Viana Drive in Chino, California.

11.   On or about October 7, 2017, defendant LI created and signed a false lease, naming straw tenants and containing clauses purporting to prohibit marijuana cultivation, for a marijuana grow at 14665 Marquette Avenue in Chino, California.

12.   On or about October 7, 2017, defendant LI created and signed a false lease, naming straw tenants and containing clauses purporting to prohibit marijuana cultivation, for a marijuana grow at 14176 Scripps Avenue in Chino, California.

13.   On or about October 18, 2017, defendant LI created and signed a false lease, naming a straw tenant and containing a clause purporting to prohibit marijuana cultivation, for a marijuana grow at 5051 Glenview Street in Chino Hills, California.

14.   On or about May 14, 2018, defendant LI created and signed a false lease, naming a straw tenant and containing a clause purporting to prohibit marijuana cultivation, for a marijuana grow at 2825 East Via Terrano in Ontario, California.

15.   On or about June 5, 2018, at a property containing a marijuana grow at 17004 Viana Drive in Chino Hills, California, defendant LI and Unindicted Co-Conspirator 1 possessed with intent to distribute approximately 1,038 marijuana plants, and also possessed growing equipment, growing supplies, and an electrical bypass.

16.   On or about June 20, 2018, using the communication application WeChat, defendant LI and Unindicted Co-Conspirator 1 arranged for Unindicted Co-Conspirator 1 to bring marijuana and marijuana proceeds to defendant LI.

17.   On or about June 21, 2018, July 12, 2018, and July 13, 2018, using the communication application WeChat, defendants LI and YU discussed the gate code needed to access the Ontario, California

5

housing development containing a property containing a marijuana grow
at 2825 East Via Terrano.

18. On or about July 5, 2018, using the communication
application WeChat, Unindicted Co-Conspirator 1 gave defendant LI
information regarding marijuana sales and arranged to bring marijuana
proceeds to defendant LI.

19. On or about July 15, 2018, using the communication
application WeChat, defendant YU informed defendant LI that he had
delivered marijuana to Nevada for sale and would deliver the
marijuana proceeds to defendant LI.

20. On or about July 21, 2018, using the communication
application WeChat, defendant LI instructed defendant YU to deliver
marijuana proceeds to his home.

21. On or about July 21, 2018, using the communication
application WeChat, defendant YU confirmed that he had delivered
marijuana proceeds to defendant LI's home, and sent defendant LI
information regarding marijuana sales.

22. On or about August 2, 2018, using the communication
application WeChat, Unindicted Co-Conspirator 1 updated defendant LI
regarding the health of a marijuana crop at a marijuana grow.

23. On or about August 2, 2018, using the communication
application WeChat, Unindicted Co-Conspirator 1 informed defendant LI
that the person to whom he had delivered marijuana had traveled to
Nevada.

24. On or about August 6, 2018, using the communication
application WeChat, defendants LI and YU discussed the growth of a
marijuana crop at a marijuana grow.

25.   On or about August 7, 2018, using the communication application WeChat, Unindicted Co-Conspirator 1 gave defendant LI personal identifying information for Unindicted Co-Conspirator 1's father, for use as a straw subscriber for utilities at a property containing a marijuana grow at 5051 Glenview Street in Chino Hills, California.

26.   On or about August 8, 2018, using the communication application WeChat, Unindicted Co-Conspirator 1 sent defendant LI information regarding marijuana sales and arranged to bring marijuana proceeds to defendant LI.

27.   On or about August 13, 2018, using the communication application WeChat, Unindicted Co-Conspirator 1 updated defendant LI regarding the health of a marijuana crop at a marijuana grow.

28.   On or about August 21, 2018, using the communication application WeChat, defendants LI and YU arranged for defendant YU to deliver marijuana proceeds to defendant LI.

29.   On or about August 29, 2018, using the communication application WeChat, Unindicted Co-Conspirator 1 sent defendant LI information regarding marijuana sales and arranged to bring marijuana proceeds to defendant LI.

30.   On or about August 30, 2018, using the communication application WeChat, defendant YU sent defendant LI cost and profit information regarding marijuana crops at marijuana grows.

31.   On or about September 7, 2018, defendant YU visited a property containing a marijuana grow at 6081 Eucalyptus Avenue in Chino, California.

32.   On or about September 7, 2018, defendant YU visited a property containing a marijuana grow at 14696 Appalachian Street in Chino, California.

33.   On or about September 10, 2018, defendant YU visited a property containing a marijuana grow at 14696 Appalachian Street in Chino, California.

34.   On or about September 18, 2018, defendant LI arranged to purchase a home at 14359 Figueroa Lane in Chino, California, using a straw purchaser.

35.   On or about November 14, 2018, Unindicted Co-Conspirator 1 visited a property containing a marijuana grow at 5051 Glenview Street in Chino Hills, California.

36.   On or about March 7, 2019, at a property containing a marijuana grow at 17004 Amadora Drive in Chino Hills, California, defendant LI and Unindicted Co-Conspirator 1 possessed with intent to distribute approximately 638 marijuana plants and approximately 21.32 kilograms of processed marijuana, and also possessed growing equipment, growing supplies, and an electrical bypass.

37.   On or about March 7, 2019, at a property containing a marijuana grow at 5051 Glenview Street in Chino Hills, California, defendant LI and Unindicted Co-Conspirator 1 possessed with intent to distribute approximately 727 marijuana plants and approximately 3.63 kilograms of processed marijuana, and also possessed growing equipment, growing supplies, and an electrical bypass.

38.   On or about March 7, 2019, at a property containing a marijuana grow at 14665 Marquette Avenue in Chino, California, defendants LI and YU possessed with intent to distribute

1    approximately 347 marijuana plants, and also possessed growing

2    equipment, growing supplies, and an electrical bypass.

3           39.   On or about March 7, 2019, at a property containing a

4    marijuana grow at 6081 Eucalyptus Avenue in Chino, California,

5    defendants LI and YU possessed with intent to distribute

6    approximately 135 marijuana plants and approximately 27.22 kilograms

7    of processed marijuana, and also possessed growing equipment, growing

8    supplies, and an electrical bypass.

9           40.   On or about March 7, 2019, at a property containing a

10   marijuana grow at 14696 Appalachian Street in Chino, California,

11   defendants LI and YU possessed with intent to distribute

12   approximately 418 marijuana plants and approximately 8.12 kilograms

13   of processed marijuana, and also possessed growing equipment, growing

14   supplies, and an electrical bypass.

15          41.   On or about March 7, 2019, at a property containing a

16   marijuana grow at 14176 Scripps Avenue in Chino, California,

17   defendants LI and YU possessed with intent to distribute

18   approximately 447 marijuana plants, and also possessed growing

19   equipment, growing supplies, and an electrical bypass.

20          42.   On or about March 7, 2019, at a property containing a

21   marijuana grow at 2825 East Via Terrano in Ontario, California,

22   defendants LI and YU possessed with intent to distribute

23   approximately 272 marijuana plants and approximately 31.43 kilograms

24   of processed marijuana, and also possessed growing equipment, growing

25   supplies, and an electrical bypass.

26          43.   On or about March 7, 2019, defendant LI possessed in his

27   home safe approximately $93,995 in cash, including marijuana proceeds

28   wrapped in pay/owe sheets.

9

44.   On or about March 12, 2019, at a property containing a marijuana grow at 14359 Figueroa Lane in Chino, California, defendant LI possessed with intent to distribute approximately 320 marijuana plants, and also possessed growing equipment, growing supplies, and an electrical bypass.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii)]

On or about June 5, 2018, in San Bernardino County, within the Central District of California, defendant LIN LI, also known as "Aaron Li," knowingly and intentionally possessed with intent to distribute at least 1,000 marijuana plants, that is, approximately 1,038 marijuana plants, a Schedule I controlled substance.

11

1

2

                                COUNT THREE

                          [21 U.S.C. § 856(a)(1)]

3      Beginning on a date unknown and continuing to on or about June

4  5, 2018, in San Bernardino County, within the Central District of

5  California, defendant LIN LI, also known as "Aaron Li," knowingly

6  opened, leased, rented, used, and maintained a place, that is, a

7  residence located at 17004 Viana Drive, in Chino Hills, California,

8  for the purpose of manufacturing and distributing marijuana, a

9  Schedule I controlled substance.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii)]

On or about March 7, 2019, at a marijuana grow at 17004 Amadora Drive, in Chino Hills, in San Bernardino County, within the Central District of California, defendant LIN LI, also known as "Aaron Li," knowingly and intentionally possessed with intent to distribute at least 100 marijuana plants, that is, approximately 638 marijuana plants, a Schedule I controlled substance, and approximately 21.32 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

COUNT FIVE

[21 U.S.C. § 856(a)(1)]

Beginning on a date unknown and continuing to on or about March 7, 2019, in San Bernardino County, within the Central District of California, defendant LIN LI, also known as "Aaron Li," knowingly opened, leased, rented, used, and maintained a place, that is, a residence located at 17004 Amadora Drive, in Chino Hills, California, for the purpose of manufacturing and distributing marijuana, a Schedule I controlled substance.

1

2

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii)]

On or about March 7, 2019, at a marijuana grow at 5051 Glenview Street, in Chino Hills, in San Bernardino County, within the Central District of California, defendant LIN LI, also known as "Aaron Li," knowingly and intentionally possessed with intent to distribute at least 100 marijuana plants, that is, approximately 727 marijuana plants, a Schedule I controlled substance, and approximately 3.63 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

1

2

COUNT SEVEN

[21 U.S.C. § 856(a)(1)]

3    Beginning on a date unknown and continuing to on or about March

4   7, 2019, in San Bernardino County, within the Central District of

5   California, defendant LIN LI, also known as "Aaron Li," knowingly

6   opened, leased, rented, used, and maintained a place, that is, a

7   residence located at 5051 Glenview Street, in Chino Hills,

8   California, for the purpose of manufacturing and distributing

9   marijuana, a Schedule I controlled substance.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii); 18 U.S.C. § 2(a)]

On or about March 7, 2019, at a marijuana grow at 14665 Marquette Avenue, in Chino, in San Bernardino County, within the Central District of California, defendants LIN LI, also known as "Aaron Li," and JIMMY YU, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 100 marijuana plants, that is, approximately 347 marijuana plants, a Schedule I controlled substance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT NINE

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

Beginning on a date unknown and continuing to on or about March 7, 2019, in San Bernardino County, within the Central District of California, defendants LIN LI, also known as "Aaron Li," and JIMMY YU, each aiding and abetting the other, knowingly opened, leased, rented, used, and maintained a place, that is, a residence located at 14665 Marquette Avenue, in Chino, California, for the purpose of manufacturing and distributing marijuana, a Schedule I controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii); 18 U.S.C. § 2(a)]

On or about March 7, 2019, at a marijuana grow at 6081 Eucalyptus Avenue, in Chino, in San Bernardino County, within the Central District of California, defendants LIN LI, also known as "Aaron Li," and JIMMY YU, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 100 marijuana plants, that is, approximately 135 marijuana plants, a Schedule I controlled substance, and approximately 27.22 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

19

1

COUNT ELEVEN

2

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

3   Beginning on a date unknown and continuing to on or about March

4   7, 2019, in San Bernardino County, within the Central District of

5   California, defendants LIN LI, also known as "Aaron Li," and JIMMY

6   YU, each aiding and abetting the other, knowingly opened, leased,

7   rented, used, and maintained a place, that is, a residence located at

8   6081 Eucalyptus Avenue, in Chino, California, for the purpose of

9   manufacturing and distributing marijuana, a Schedule I controlled

10  substance.

COUNT TWELVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii); 18 U.S.C. § 2(a)]

On or about March 7, 2019, at a marijuana grow at 14696 Appalachian Street, in Chino, in San Bernardino County, within the Central District of California, defendants LIN LI, also known as "Aaron Li," and JIMMY YU, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 100 marijuana plants, that is, approximately 418 marijuana plants, a Schedule I controlled substance, and approximately 8.12 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

1

COUNT THIRTEEN

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

Beginning on a date unknown and continuing to on or about March 7, 2019, in San Bernardino County, within the Central District of California, defendants LIN LI, also known as "Aaron Li," and JIMMY YU, each aiding and abetting the other, knowingly opened, leased, rented, used, and maintained a place, that is, a residence located at 14696 Appalachian Street, in Chino, California, for the purpose of manufacturing and distributing marijuana, a Schedule I controlled substance.

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii); 18 U.S.C. § 2(a)]

On or about March 7, 2019, at a marijuana grow at 14176 Scripps Avenue, in Chino, in San Bernardino County, within the Central District of California, defendants LIN LI, also known as "Aaron Li," and JIMMY YU, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 100 marijuana plants, that is, approximately 447 marijuana plants, a Schedule I controlled substance.

COUNT FIFTEEN

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

Beginning on a date unknown and continuing to on or about March 7, 2019, in San Bernardino County, within the Central District of California, defendants LIN LI, also known as "Aaron Li," and JIMMY YU, each aiding and abetting the other, knowingly opened, leased, rented, used, and maintained a place, that is, a residence located at 14176 Scripps Avenue, in Chino, California, for the purpose of manufacturing and distributing marijuana, a Schedule I controlled substance.

COUNT SIXTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii); 18 U.S.C. § 2(a)]

On or about March 7, 2019, at a marijuana grow at 2825 East Via Terrano, in Ontario, in San Bernardino County, within the Central District of California, defendants LIN LI, also known as "Aaron Li," and JIMMY YU, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 100 marijuana plants, that is, approximately 272 marijuana plants, a Schedule I controlled substance, and approximately 31.43 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

COUNT SEVENTEEN

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

Beginning on a date unknown and continuing to on or about March 7, 2019, in San Bernardino County, within the Central District of California, defendants LIN LI, also known as "Aaron Li," and JIMMY YU, each aiding and abetting the other, knowingly opened, leased, rented, used, and maintained a place, that is, a residence located at 2825 East Via Terrano, in Ontario, California, for the purpose of manufacturing and distributing marijuana, a Schedule I controlled substance.

COUNT EIGHTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii)]

On or about March 12, 2019, in San Bernardino County, within the Central District of California, defendant LIN LI, also known as "Aaron Li," knowingly and intentionally possessed with intent to distribute at least 100 marijuana plants, that is, approximately 320 marijuana plants, a Schedule I controlled substance.

1

COUNT NINETEEN

2

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

3    Beginning on a date unknown and continuing to on or about March

4 12, 2019, in San Bernardino County, within the Central District of

5 California, defendant LIN LI, also known as "Aaron Li," knowingly

6 opened, leased, rented, used, and maintained a place, that is, a

7 residence located at 14359 Figueroa Lane, in Chino, California, for

8 the purpose of manufacturing and distributing marijuana, a Schedule I

9 controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts One through Nineteen of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense, including but not limited to: the real property located at 17004 Viana Drive, Chino Hills, California 91709; the real property located at 17004 Amadora Drive, Chino Hills, California 91709; the real property located at 14665 Marquette Avenue, Chino, California 91710; the real property located at 6081 Eucalyptus Avenue, Chino, California 91710; the real property located at 14696 Appalachian Street, Chino, California 91710; the real property located at 14176 Scripps Avenue, Chino, California 91710; the real property located at 2825 Via Terrano, Ontario, California 91764; and the real property located at 14359 Figueroa Lane, Chino, California 91710.

1          (c)   To the extent such property is not available for

2     forfeiture, a sum of money equal to the total value of the property

3     described in subparagraphs (a) and (b).

4          3.    Pursuant to Title 21, United States Code, Section 853(p),

5     any defendant so convicted shall forfeit substitute property if, by

6     any act or omission of said defendant, the property described in the

7     preceding paragraph, or any portion thereof: (a) cannot be located

8     upon the exercise of due diligence; (b) has been transferred, sold

9     to, or deposited with a third party; (c) has been placed beyond the

10    jurisdiction of the court; (d) has been substantially diminished in

11    value; or (e) has been commingled with other property that cannot be

12    divided without difficulty.

13                                    A TRUE BILL

14

15                                    /s/

16                                    Foreperson

17    NICOLA T. HANNA
      United States Attorney

18    Scott Garringer
      Scott Garringer
19    Deputy Chief, Criminal Division For:
      LAWRENCE S. MIDDLETON
20    Assistant United States Attorney
      Chief, Criminal Division

21

22    CAROL A. CHEN
      Assistant United States Attorney
      Chief, Organized Crime Drug Enforcement
23       Task Force Section

24    SHAWN J. NELSON
      Assistant United States Attorney
25    Acting Deputy Chief, Organized Crime Drug Enforcement
         Task Force Section

26

      A. CARLEY PALMER
27    Assistant United States Attorney
      Organized Crime Drug Enforcement
28       Task Force Section

                                    30