CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ANNICK JORDAN (Bar No. 38029[1])
Annick_Jordan@fd.org
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
LIN LI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>LIN LI,<br><br>        Defendant. | Case No. 5:19-CR-00103-GW<br><br>**UNOPPOSED *EX PARTE* APPLICATION FOR TERMINATION OF SUPERVISED RELEASE** |

Defendant Lin Li, by and through his counsel of record Deputy Federal Public Defender Annick Jordan, submits this unopposed ex parte application for termination of supervised release.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 29, 2024        By  /s/ ANNICK JORDAN
ANNICK JORDAN
Deputy Federal Public Defenders
Attorneys for LIN LI

---

[1] As a government attorney and a member of the Louisiana State Bar, I have been admitted to practice before the United States District Court for the Central District of California.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Supervised release is not designed or permitted to serve a punitive function. *See United States v. Bahe*, 201 F.3d 1124, 1133 (9th Cir. 2000); *United States v. Jackson*, 189 F.3d 820, 823 (9th Cir. 1999). Rather, "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). In Mr. Li's case, supervised release has served its purpose. Mr. Li has completed nearly two of his three-year term of supervised release. During that period he has had no infractions or violations. Additionally, Mr. Li has had steady employment since his release, and has taken every necessary step to get his life on track. Early termination is both "warranted by the conduct" of Mr. Li and in the "interest of justice." 18 U.S.C. § 3583(e)(1). The Government and Probation do not oppose this request for early termination.

## II. BACKGROUND

Mr. Li pled guilty to conspiracy to manufacture, distribute and possess with intent to distribute at least 1,000 marijuana plants, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vii) on May 18, 2020. (ECF 84, 94). On August 23, 2021, Mr. Li was sentenced to 6 months in custody, followed by a three-year term of supervised release. (ECF 155). Mr. Li completed his custodial sentence and was released on June 22, 2022. Following his release from custody, Mr. Li served two months of home confinement.

## III. ARGUMENT

**A. This Court has Broad Discretion to Terminate Supervision Early Based on the Conduct of the Defendant and the Interest of Justice.**

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Once a defendant has served at least one year of supervised

release, the Court may terminate supervision if, after considering the relevant section 3553(a) factors, it concludes that termination is warranted by: (1) the conduct of the defendant; and (2) the interest of justice. 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 820-21 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)). Thus, "[t]he text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship." *Id*.

More importantly, a petitioner need not engage in "exceptional behavior" for a court to terminate supervised release early. *Ponce*, 22 F.4th at 1047. While changed circumstances may provide a sufficient basis for early termination, they are not necessary for such relief. *United States v. Bainbridge*, 746 F.3d 943, 947-50 (9th Cir. 2014). The key point underpinning the early termination standard is that supervised release must facilitate rehabilitation, rather than serving a punitive function. *See Johnson*, 529 U.S. at 59.

Judiciary policy as promulgated by the Administrative Office of the United States Courts ("AO") provides additional guidance. After completing 18 months of supervised release —a milestone Mr. Li has surpassed —there is a presumption in favor of recommending early termination for a person who:

(1) does not meet the criteria of a career drug offender or career criminal or has not committed a sex offense or engaged in terrorism;

(2) presents no identified risk of harm to the public or victims;

(3) is free from any court-reported violations over a 12-month period;

(4) demonstrates the ability to lawfully self-manage beyond the period of supervision;

(5) is in substantial compliance with all conditions of supervision; and

(6) engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. *See* AO, *Guide to Judiciary Policy*, Volume 8, Part E, Supervision of Federal Offenders, § 360.20(c). As demonstrated below, Mr. Li is statutorily eligible for early termination. Additionally, because Mr. Li meets the criteria outlined by the AO, there is a presumption in favor of terminating his supervised release early.

**B. Given the Totality of the Circumstances and the Statutory Factors, the Court Should Terminate Mr. Li's Supervised Release.**

In determining whether to terminate Mr. Li's supervision early, the Court must consider: the nature and circumstances of the offense and the history and characteristics of Mr. Li; the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need for the sentence imposed to protect the public from further crimes of Mr. Li; the need for the sentence imposed to provide Mr. Li with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7); 18 U.S.C. §3583(e)(1).

The goals of supervised release have been achieved here. Since his period of supervised release commenced on June 22, 2022, Mr. Li has had no infractions or violations. (Li Decl. at ¶¶ 2,3). Mr. Li has three children - a twelve-year-old daughter, nine-year-old son, and seven-year-old son - who he financially supports. (Li Decl. at ¶ 7). Prior to his arrest, Mr. Li started a business with the mother of his children. Since his release, he has been working with her. The company, Unififi, is a travel agency focusing on air ticketing. (Li Decl. at ¶ 4). Mr. Li is from Vietnam.

The majority of his family resides in Vietnam. (Li Decl. at ¶ 5). Additionally, Mr. Li owns a real estate business in Vietnam. *Id*. The Court has permitted Mr. Li to travel to Vietnam on two occasions while on supervised release, but only for a few weeks each time. (Li Decl. at ¶ 6). Mr. Li hopes to spend at least fifty percent of his time in Vietnam for personal and professional reasons. *Id.*

Supervised release is no longer needed to deter criminal conduct, protect the public, or provide Mr. Li with correctional treatment. Mr. Li has been a model of compliance. He has taken meaningful steps to take control of his life and to be a productive member of society. Supervised release has served its purpose here.

## IV.   CONCLUSION

"[T]he primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012). Mr. Li has demonstrated that he no longer needs the supervision of this Court in order to be a productive member of his community. Mr. Li does not require the Probation Office's resources anymore, which can be better spent elsewhere.

For these reasons, Mr. Li respectfully requests that the Court terminate his supervision.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 29, 2024            */s/ ANNICK JORDAN*
                               ANNICK JORDAN
                               Deputy Federal Public Defender

## DECLARATION OF LIN LI

I, Lin Li, declare as follows:

1. I am the Defendant in this case. I personally know of these matters and could competently testify to them if called upon to do so.

2. I was released from BOP custody on June 22, 2022. I then served a period of two months of home confinement.

3. While on supervision, I have never had any violations.

4. I work for a company I started before my arrest called Unififi. It is a travel agency focusing on air ticketing.

5. I also have businesses in Vietnam, where I am from and where the majority of my family lives.

6. I have received permission to travel to Vietnam twice while on supervised release, but only for limited periods of time. I need to travel to Vietnam more frequently and for longer periods of time for professional and familial reasons.

7. I have three children who I support. I have a 12-year-old daughter, a 9-year-old son, and a 7-year-old son.

DATED: May 29, 2024                    /s/ (by counsel with permission)
                                       LIN LI

# DECLARATION OF ANNICK JORDAN

I, ANNICK JORDAN, declare as follows:

1. I am a Deputy Federal Public Defender and have been assigned to represent Lin Li in the present matter.

2. On May 28, 2024, I communicated with Probation Officer Brittany Arevalo, who is currently assigned to supervise Mr. Li. She indicated that she does not oppose early termination of supervised release.

3. On May 28, 2024, I communicated with Assistant United States Attorney Carly Palmer, who is assigned to this case. AUSA Palmer indicated that the government does not oppose early termination of supervised release.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: May 29, 2024           /s/ ANNICK JORDAN
                              ANNICK JORDAN
                              Deputy Federal Public Defender